IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION,<br><br>        Plaintiff,<br><br>  v.<br><br>N. KUNEWA; and DOES 1 through 100, inclusive,<br><br>        Defendants.<br>_____/ | No. C 12-1069 CW<br><br>ORDER GRANTING UNOPPOSED MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES<br>(Docket No. 6) |

    Plaintiff Astoria Federal Savings & Loan Association moves to remand this case to the Alameda County Superior Court and seeks to recover attorneys' fees incurred from the removal.  <u>Pro se</u> Defendant N. Kunewa did not file an opposition to Plaintiff's motion prior to the April 5, 2012 deadline for his response.  The Court takes Plaintiff's motion under submission on the papers. Having considered the papers filed by Plaintiff, the Court GRANTS Plaintiff's motion to remand and DENIES Plaintiff's request for attorneys' fees.

BACKGROUND

    On January 26, 2012, Plaintiff filed this action in Alameda County Superior Court, asserting a single cause of action for unlawful detainer against Defendant.  Notice of Removal (NOR) ¶ 3, Ex. A; Request for Judicial Notice (RJN) ¶ 1, Ex. A (Complaint). Plaintiff seeks to recover possession of property following a non-judicial foreclosure sale on September 26, 2011.  Compl. ¶ 4, Ex. A.  Plaintiff completed service of the summons and complaint on Defendant on February 23, 2012.  RJN, Ex. B.

Defendant removed the case to federal court on March 2, 2012. In his notice of removal, Defendant alleges that removal to this Court is proper under 28 U.S.C. §§ 1331 and 1441. NOR ¶¶ 1-2.

DISCUSSION

I. Motion to Remand

A. Legal Standard

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). For removal to be proper, there must be federal question jurisdiction or diversity jurisdiction. <u>Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1, 10 (1983). Under 28 U.S.C. § 1331, district courts have federal question jurisdiction over civil actions arising under the United States Constitution, laws or treaties of the United States. District courts have diversity jurisdiction over civil actions when they are between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."

2

Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

B. Discussion

In his notice of removal, Defendant argues that federal question jurisdiction exists, because Plaintiff "seeks judgment to invalidate Defendant's leasehold estate under the Federal Protecting Tenants at Foreclosure Act of 2009." NOR ¶ 2. However, this removed case is a residential unlawful detainer action following a judicial foreclosure. It contains one cause of action for unlawful detainer, which arises exclusively under state law. The complaint does not assert a cause of action under the Protecting Tenants at Foreclosure Act; instead, it alleges that that, upon information and belief, Defendant is not entitled to a defense under this Act. Compl. ¶ 7. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). A federal defense is not part of a plaintiff's properly pleaded statement of his or her claim. Id. (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). A case, therefore, may not be removed to the federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 14; see Rivet, 522 U.S. at

3

475. Because the only possible federal issue in this case involves a defense, federal question jurisdiction is lacking.

The complaint alleges that Plaintiff seeks damages in an amount not to exceed $10,000. Because the amount in controversy is less than $75,000, diversity jurisdiction is lacking. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling for purposes of removal).

Because there is no federal question or diversity jurisdiction, this Court lacks subject matter jurisdiction over this case. Accordingly, Plaintiff's motion to remand is GRANTED.

## II. Request for Attorneys' Fees

Plaintiff requests an award of reasonable fees and costs that it has incurred as a result of Defendant's removal of this action.

Title 28 U.S.C. § 1447(c) permits the court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In determining whether to order such an award, the court must assess whether removal was "wrong as a matter of law." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

In this action, Defendant is proceeding pro se. While the rule that removal cannot be predicated on a federal defense is clearly established law, it is "not intuitively obvious to a pro se litigant." Aurora Loan Servs., LLC v. John, 2012 U.S. Dist.

4

LEXIS 47188, at *6 (N.D. Cal.). Further, Plaintiff has not presented any evidence indicating that Defendant removed this action with the sole intention of causing delay or increasing costs. In these circumstances, "courts accord significant weight to the defendant's lack of representation." Wells Fargo Bank, NA v. Hunt, 2011 U.S. Dist. LEXIS 14125, at *14-15 (N.D. Cal.) (collecting cases). See also Aurora Loan Servs., LLC v. John, 2012 U.S. Dist. LEXIS 47188, at *6 (declining to award fees against a pro se defendant even though the removal was objectively unreasonable); HSBC Bank USA v. Santiago, 2011 U.S. Dist. LEXIS 6237, at *4 (C.D. Cal.) ("Defendants are proceeding without the assistance of counsel. While it is black letter law that defenses arising under federal law do not create removal jurisdiction, the court does not fault the Defendants for not having the same familiarity with the nuances of federal civil procedure that a lawyer should."). Accordingly, the Court DENIES Plaintiff's request for attorneys' fees.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is GRANTED and Plaintiff's request for attorneys' fees is DENIED (Docket No. 6).

The Clerk shall remand this action to Alameda County Superior Court and close the file.

IT IS SO ORDERED.

Dated: 4/11/2012

CLAUDIA WILKEN
United States District Judge